# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. MUMMA, II, | : | Civil No. 1:20-CV-00017 |
| Appellant, | : | |
| v. | : | |
| DOUBLE M DEVELOPMENT, *et al.*, | : | |
| Appellees. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This case arises from a case in the United States Bankruptcy Court for the Middle District of Pennsylvania. (*See In re Mann Realty Assocs., Inc.*, No. 1:17-BK-01334 (Bankr. M.D. Pa. Mar. 31, 2017). The case is presently before the court on a motion to withdraw the reference filed by Movant Robert M. Mumma, II ("Mumma"). (Doc. 1.)

In his motion, Mumma provides a ten-page statement of facts—many of which pertain to the sale of a property located in Dauphin County, Pennsylvania that was previously used as a quarry[1]—that he thinks should be withdrawn from the bankruptcy court and considered by the district court. (*Id.*) He argues that the bankruptcy proceeding presents a "mandatory withdrawal" under 28 U.S.C. § 157(d) because the prospective buyer of the property, Byler Holdings, LLC ("Byler"), is planning to "dynamit[e] the quarry floor." (*Id.* ¶ 35.) Mumma does

---

[1] Issues pertaining to the sale of the quarry are before this court in a separate appeal from the same bankruptcy proceeding. *See Mumma v. Double M. Dev.*, 1:19-CV-01194 (M.D. Pa. filed July 11, 2019).

1

not provide any legal argument as to why the act of dynamiting a quarry floor mandates the district court's withdrawal of a reference from the bankruptcy court under 28 U.S.C. § 157(d).

Under the Federal Rules of Bankruptcy Procedure, a district court is required to consider a motion to withdraw a reference to a bankruptcy court. Fed. R. Bankr. P. 50111(a). A district court considering such a motion "may withdraw a reference to the bankruptcy court 'on its own or on timely motion of any party, for cause shown.'" *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 665 (2015) (quoting 28 U.S.C. § 157(d)). Relevant factors in determining whether there is cause to withdraw the reference include "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *In re Velocita Corp.*, 169 F. App'x 712, 716 (3d Cir. 2006) (quoting *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990)).

A party seeking to withdraw a reference to a bankruptcy court bears the burden of proving that withdrawal is warranted. *In re Earth Organics, LLC*, 602 B.R. 1, 12 (E.D. Pa. 2019); *In re AgFeed USA, LLC*, 565 B.R. 556, 562 (D. Del. 2016). In addition, 28 U.S.C. § 157(d) "requires in clear terms that cause be shown before the reference can be withdrawn." *In re Pruitt*, 910 F.2d at 1168.

In this case, Mumma does not provide any legal argument as to why withdrawal of the reference to the bankruptcy court is warranted.  Mumma's motion simply states facts that he believes should not be before the bankruptcy court and then asserts in conclusory fashion that withdrawal is mandatory under 28 U.S.C. § 157(d).  Given the complete absence of legal argument to support his motion, the court finds that Mumma has not met his burden to prove that withdrawal of the reference is warranted.  Moreover, based on the court's own review of 28 U.S.C. § 157(d), it is not apparent that withdrawal of the reference is warranted.  Accordingly, Mumma's motion to withdraw the reference (Doc. 1) is denied.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: January 31, 2020